# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-CT-00372-SCT

*WILLIAM L. HOPKINS*

*v.*

*ANNWOOD J. HOPKINS*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/27/95 |
| TRIAL JUDGE: | HON. WILLIAM ROBERT TAYLOR, JR. |
| COURT FROM WHICH APPEALED: | CHANCERY COURT OF PEARL RIVER COUNTY |
| ATTORNEY FOR APPELLANT: | WALTER W. TEEL |
| ATTORNEY FOR APPELLEE: | REBECCA C. TAYLOR |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 12/18/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/12/98 |

**EN BANC.**

**PITTMAN, JUSTICE, FOR THE COURT:**

### Factual and procedural summary of the Case

¶1. This matter stems from a divorce action in Pearl River County. The parties were granted a divorce and appellant was awarded custody of the minor child of the parties. Husband appealed the chancellor's division of the marital assets and failure to award child support. The Court of Appeals reversed and remanded the case on the issues of the chancellor's failure to award child support, and the division of the appellant's retirement or pension fund, some of which was earned prior to the marriage of the parties. The Court of Appeals properly determined that Appellee would only be entitled to a division of that portion of husband's retirement earned after the marriage.

¶2. The Petition for Writ of Certiorari seeks to also have the issues of the award of alimony, division of personal property, and division of Appellee's retirement account remanded. This last issue having the most merit, will therefore be discussed first.

## Facts

¶3. The parties were married on June 15, 1976 and had one child who was born in 1979. Mr. Hopkins initiated the divorce action on May 6, 1993, approximately 2 months after the parties separated, by filing a complaint seeking divorce on the ground of habitual cruel and inhuman treatment or, alternatively, for irreconcilable differences. Mrs. Hopkins counter-sued and ultimately a temporary order was entered granting custody of the child to Mr. Hopkins and, by agreement, allowing the sale of the marital home. Both parties were enjoined from disposing of any other property.

¶4. Sometime thereafter, Mr. Hopkins filed a contempt action alleging that Mrs. Hopkins had disposed of certain items of personalty. Subsequently, the parties entered into a written stipulation for divorce on the grounds of irreconcilable differences and, following an evidentiary hearing, the trial court entered an order granting the divorce, awarding custody of the child to Mr. Hopkins, and purporting to make an equitable division of the marital assets, and awarding $1000.00 per month alimony to Mrs. Hopkins.

¶5. The trial court awarded Mrs. Hopkins one half of all of Mr. Hopkins' retirement benefits, even though a substantial portion of same was earned prior to the marriage, and the Court of Appeals correctly reversed and remanded this portion of the decree for a determination of what portion of the retirement benefits were actually marital assets and therefore subject to equitable division. There is no mention of the wife's retirement account in the decree or in the Court of Appeals' decision. The issue was raised in the Appellant's brief on direct appeal (Appellant's brief at page 13), and was preserved at the trial level.

## Law

¶6. The Court has had a number of recent opportunities to visit and speak to the issue of equitable division of marital assets. The Court of Appeals, relying on *Hemsley v. Hemsley,* 639 So.2d 909 (Miss. 1994) and *Ferguson v. Ferguson,* 639 So. 2d 921 (Miss. 1994), did correctly address the trial court's erroneous division of Mr. Hopkins' retirement accounts and remanded that matter to the trial court for rehearing consistent with its holding therein. There was however absolutely no mention of Mrs. Hopkins' retirement account. In *Reddell v. Reddell,* 696 So.2d 287 (Miss. 1997), this Court was presented with nearly the same issue and stated

> One objective of equitable distribution of property is a fair division based upon the facts of the case. See *Ferguson v. Ferguson*, 639 So.2d 921, 929 (Miss.1994) (where the Court discusses the goals of equitable distribution of property). Our holding in *Chamblee* requires that, in a determination of the division of marital property, both spouses contributions during the marriage be thoroughly evaluated by the chancellor. *Chamblee*, 637 So.2d at 865. There is no evidence of record to show that Betty's I.R.A. certificate of deposit was equitably divided or why it was not. In this case, Betty testified that her I.R.A. was amassed during the marriage. **The failure to equitably divide this account was manifestly wrong.** Further, the Entergy stock owned by Betty was not considered either. Therefore, this case is reversed and remanded for a proper consideration of the parties' joint economic contributions.

*Id.* at 288 [emphasis added].

¶7. It does appear from the record in this case, that Mrs. Hopkins' retirement assets are significantly less than those which were at stake in *Reddell*, however, that does not change the fact that the established precedent requires that **all** marital assets must be considered to reach an equitable division of those assets. The Court of Appeals correctly remanded the issue of Mr. Hopkins' retirement account, but this issue concerning the equitable division of Mrs. Hopkins' retirement funds should also be remanded to the trial court for proper adjudication.

¶8. The other issues that Mr. Hopkins wishes to address are the award of alimony and the division of personal property. As to the award of alimony, Mr. Hopkins asserts that the trial court should have awarded some form of periodic rehabilitative alimony for a limited period of time as was done in *Hubbard v. Hubbard,* 656 So.2d 124 (Miss. 1995). In addressing the issue of alimony in the direct appeal, the Court of Appeals stated that

> When we review awards of periodic alimony, "we will not disturb the chancellor's decision on alimony on appeal unless it is found to be against the overwhelming weight of the evidence or manifestly in error." *Creekmore v. Creekmore*, 651 So. 2d 513, 517 (Miss. 1995) (citing *McNally v. McNally*, 516 So. 2d 499, 501 (Miss. 1987)). Furthermore, "[w]hether or not to award alimony and the amount of alimony is largely within the discretion of the chancellor." *Parsons v. Parsons,* 678 So. 2d 701, 703 (Miss. 1996). We find that the chancellor's decision was supported by the evidence and was not in error.

¶9. There does not appear to be any manifest error in the chancellor's decision and the Court of Appeals is correct in its finding and application of law. This portion of the Court of Appeals opinion on the issue of alimony as presented, is affirmed.

¶10. The remaining issue presented by Mr. Hopkins is the trial court's alleged failure to properly divide the personal property. The Court of Appeals' opinion on the issue simply stated that it found no error in the chancellor's consideration or division of the personal property without further explanation, and the record does support this finding.

¶11. Mr. Hopkins asserts that he supplied the trial court with detailed personal property lists entered into evidence as tables A-K of the trial exhibits. He is particularly concerned with items referred to as Table E, a trial exhibit. There does appear to have been substantial testimony concerning the items he claims to have left in the marital home, but which were allegedly disposed of in some way by Mrs. Hopkins. Mrs. Hopkins simply denied being in possession of the items. The final decree of divorce entered by the trial court simply states that

> The Court find [sic] the parties have basically divided the furniture themselves and each party is awarded the personal property as shown in Exhibits "A" and "B" as attached to this Final Judgment. The property awarded to the Wife is shown on Exhibit "A" and the property awarded to the Husband is shown on Exhibit "B".

¶12. Mr. Hopkins thereafter filed a motion to reconsider in the trial court and a hearing was had and this issue was specifically addressed. The following exchange occurred at said hearing:

**BY THE COURT:** Mr. Teel, it's your position the Court did not fully consider the items in Table E?

**BY MR. TEEL:** That is correct, Judge.

**BY THE COURT:** And you're claiming that Mrs. Hopkins has the property that is missing?

**BY MR. TEEL:** That is correct, Judge.

**BY THE COURT:** In my consideration of the evidence I took into consideration all the testimony. I find and I again conclude and I specifically state this in a Modified Judgment that the items of Table E have been fully considered. I find that Mrs. Hopkins does not have or possess those items. They should be owned by your client, Mr. Hopkins. **I cannot attribute possession to Mrs. Hopkins with the trial evidence. . .**[emphasis added]

¶13. The Court did thereupon enter a modified judgment reflecting this holding. It would appear then that the trial court gave due consideration to the issue and made its ruling based on the testimony and exhibits. There does not appear to be any manifest error or abuse of discretion on this issue and it does not merit remand.[1] For whatever reason, the Court of Appeals reached the correct result on this issue and same should be affirmed.

**Conclusion**

¶14. The Court of Appeals properly reversed and remanded on the issues of the trial court's failure to award child support to Mr. Hopkins and the inappropriate division of Mr. Hopkins' retirement accounts. There was no error in the Court of Appeals' ruling on the issues of the alimony or the division of the various items of personal property. These portions of the Court of Appeals decision are affirmed. However, it was error not to remand the issue of the division of the wife's retirement benefits, even though not a large sum, which were accrued during the time of the marriage. The Court, therefore, also remands the issue of the equitable division of the wife's retirement account to the trial court for reconsideration consistent with this opinion, in addition to the other issues already remanded by the Court of Appeals.

¶15. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**

1. As a practical matter, even if the chancellor had found that she had wrongfully retained these items and/or disposed of them, the trial court would have been faced with the dilemma of attempting to place some specific value on these assorted items which would be a near impossible task from oral testimony or descriptions of the property given factors such as replacement value vs. actual value, when, how, and by whom were the items acquired, etc.