# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0129

STATE OF LOUISIANA, DEPARTMENT OF SOCIAL SERVICES
SUPPORT ENFORCEMENT SERVICES, IN THE INTEREST OF
J. M. MINOR CHILD(REN) OF R.M.

VERSUS

F.C.S., Jr.

Judgment Rendered: __OCT 0 7 2021__

* * * * * * *

APPEALED FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF ST. TAMMANY
STATE OF LOUISIANA
DOCKET NUMBER NS-05-0692

HONORABLE MARY C. DEVEREAUX, JUDGE

* * * * * * *

Warren Montgomery
District Attorney
Mary T. Strahan
Assistant District Attorney
Covington, Louisiana

F.C.S., Jr.
Springfield, MA

R.M.
Covington, Louisiana

Attorneys for Plaintiff/Appellee
State of Louisiana, Department of
Social Services Support Enforcement
Services

Pro Se - Defendant/Appellant

Pro Se - Defendant/Appellee

**BEFORE: McDONALD, LANIER, and WOLFE, JJ.**

**McDONALD, J.**

This is an appeal from judgments denying an exception to the hearing officer's recommendation, reducing the child support payment, and reducing the accrued arrearage. After review, we affirm.

## FACTS AND PROCEDURAL HISTORY

On November 2, 2005, the State, through the Department of Social Services, Support Enforcement Services, in the interest of J.M., minor child of R.M., filed a petition to determine or declare paternity and to establish child support, naming as defendant F.C.S., Jr.[1] The State alleged that F.C.S., Jr. was the natural and biological father of J.M., born on April 14, 2003, that he was a resident and domiciliary of the state of Washington, and that R.M. and J.M. lived in Louisiana. The State alleged that F.C.S., Jr. maintained a sexual relationship with R.M., which led to the conception and subsequent birth of J.M., and that J.M. was conceived while F.C.S., Jr. was in Louisiana. The State asked that F.C.S., Jr. be declared the natural and biological father of J.M., and that he be ordered to pay child support, retroactive to the date the petition was filed. F.C.S., Jr. was incarcerated in Washington, and was personally served with the petition on January 16, 2007, and failed to respond within the delays allowed by law. The State filed a motion for preliminary default on March 7, 2007. Thereafter, a preliminary default was entered against F.C.S., Jr. on March 12, 2007.

F.C.S., Jr. was proven to be the biological father of J.M. by the testimony of R.M. and one witness. On May 15, 2007, the district court confirmed the default judgment, declared F.C.S., Jr. to be J.M.'s father, and ordered F.C.S, Jr. to pay $406.00 per month in child support for J.M., plus accrued support in the amount of

---

[1] The initials of the child and the parents are used to protect their identities. See Uniform Rules-Courts of Appeal, Rules 5-1 and 5-2.

2

$8,026.00 at a rate of $100.00 per month, along with administrative fees and court costs.

In accordance with La. R.S. 9:311(C),[2] the State thereafter sought to modify the child support award and the child support payment was modified to $370.00 per month, effective November 1, 2012, by judgment dated May 22, 2013. That judgment also provided that the child support arrearages totaled $28,812.10 as of May 9, 2013.

Then, on May 19, 2020, the State filed another rule to review and modify child support. After a hearing, the hearing officer issued findings of fact on July 22, 2020. The hearing officer recommended that F.C.S., Jr.'s child support payment be reduced from the $370.00 to $176.00 per month, effective June 1, 2020, and that his child support arrearages be reduced from $50,297.21 to $49,909.21, as of July 21, 2020.

---

[2] As it applies here, La. R.S. 9:311(C) provided:

> For purposes of this Section, in cases where the Department of Children and Family Services is providing support enforcement services:
>
> (1) There shall be a rebuttable presumption that a material change in circumstances exists when a strict application of the child support guidelines, Part I-A of this Chapter, would result in at least a twenty-five percent change in the existing child support award. A material change in circumstances does not exist under this Paragraph if the amount of the award was the result of the court's deviating from the guidelines pursuant to [La.] R.S. 9:315.1 and there has not been a material change in the circumstances which warranted the deviation.
>
> (2) A court has discretion and authority to modify a child support obligation even when there is not a twenty-five percent variation between the current obligation and the guidelines when a party has proven a material change in circumstances that is substantial and continuing. Likewise, a trial court has discretion to deny a modification even when the twenty-five percent variation is present, based on a finding that applying the guidelines would not be in the best interest of the child or would be inequitable to the parties.
>
> (3) If the best interest of the child so requires, the department shall request a judicial review upon request of either party or on its own initiative. If appropriate, the court may modify the amount of the existing child support award every three years if the existing award differs from the amount which would otherwise be awarded under the application of the child support guidelines. A material change in circumstances shall not be required for the purpose of this Paragraph.

Louisiana Revised Statutes 9:311(C)(3) was revised by La. Acts 2021, No. 339, effective August 1, 2021.

3

On August 3, 2020, F.C.S., Jr. filed a "Motion to Terminate Child Support and Vacate Deductions and Alleged Arrears of Child Support." On November 19, 2020, the district court denied F.C.S., Jr.'s exception to the hearing officer's recommendation and adopted the hearing officer's recommendations in two separate judgments. F.C.S., Jr. appealed those judgments.

## THE APPEAL

F.C.S., Jr.'s brief contains no assignments of error. Based upon the allegations in his brief, he appears to argue that: the State maliciously instituted child support and paternity proceedings against him; he was not properly served with the petition to determine or declare paternity and establish child support; the district court failed to consider his criminal convictions and the NCIC[3] report in the determination of child support or arrearages at the inception of the case; the State is not entitled to collect and enforce the child support order and arrearages accrued under the order; and that the State omitted factual materials from the record.

## DISCUSSION

First, we consider F.C.S., Jr.'s argument that the State maliciously instituted the paternity and child support proceedings against him. Louisiana Revised Statutes 46:236.1.2[4] obligates the State to act in a child's best interest, which generally

---

[3] The National Crime Information Center (NCIC) is a criminal records database used by law enforcement and other government agencies.

[4] Louisiana Revised Statutes 46:236.1.2 provides in part:

> A. The department is hereby authorized to develop and implement a program of family support in FITAP cases, Title IV-E Foster Care cases, Medicaid only cases, and any other category of cases to which the state is required by federal law or regulation to provide services, designed to do the following:
> (1) Enforce, collect, and distribute the support obligation owed by any person to his child or children and to his spouse or former spouse with whom the child is living if a support obligation has been established with respect to such spouse or former spouse.
> (2) Locate absent parents.
> (3) Establish paternity.
> (4) Obtain and modify family and child support orders.
> (5) Obtain and modify medical support orders.

4

includes acting to establish paternity as to a child's biological parent, who then can be compelled to provide child support to the child. The State also has an obligation to the public to obtain orders of child support to provide resources for children so they are not a burden on the public fisc. R.M. applied for services with the Department of Social Services, Support Enforcement Services in 2005, and the State thereafter filed the petition for paternity and child support. Thus, the State was acting in the best interest of J.M. and the public to establish paternity and obtain child support for J.M. See **State, Dept. of Children and Family Services ex rel. A.L. v. Lowrie**, 2014-1025 (La. 5/5/15), 167 So.3d 573, 589. This argument has no merit.

Second, we consider F.C.S., Jr.'s argument that he was not properly served with the petition to determine or declare paternity and establish child support. The record shows that F.C.S., Jr. was incarcerated at Snohomish County Corrections Services in Everett, Washington, and that he was personally served with the citation and petition by Deputy Sheriff W. Elliott on January 16, 2007. F.C.S., Jr. failed to answer or respond within the delays required by law, and the State filed a motion for preliminary default on March 7, 2007. A preliminary default was signed by the clerk of court on March 12, 2007. A rule 9.19 certificate was filed into the record by the clerk of court on April 3, 2007. The deputy clerk of court certified that she had examined the entire record on April 3, 2007, that F.C.S., Jr. was personally served, that the date of service on the return was January 16, 2007, and that an answer was not contained in the record. A judgment confirming the default was signed on May 15, 2007. F.C.S., Jr. was personally served with the judgment on March 18,

2009. The State followed the procedural requirements for a final default judgment. See La. C.C.P. arts. 1701, 1702. This argument has no merit.

Third, we consider F.C.S., Jr.'s argument that the district court failed to consider his criminal convictions and the NCIC report in the determination of child support or arrearages at the inception of the case. Parents have an obligation to support their children. La. C.C. art. 224. At the time F.C.S., Jr. was imprisoned, imprisonment did not alleviate the obligation of child support. See **Toups v. Toups**, 97-0620 (La. App. 1 Cir. 4/8/98), 703 So.2d 849, 850-851.

Recent developments in Louisiana law provided by La. R.S. 9:311.1 provide for the suspension of a child support order when the obligor is incarcerated for, or sentenced to, 180 days consecutive days or more.[5] This substantive change in the law, which became effective on August 1, 2020, and was amended on August 1, 2021, is not retroactive. See La. C.C. art 6. F.C.S., Jr. was released from prison in 2012. Thus, the suspension of a child support order provided by La. R.S. 9:311.1 does not apply to this case. This argument has no merit.

Fourth, we consider F.C.S., Jr.'s argument that the State is not entitled to collect child support and child support arrearages. Louisiana Revised Statute 46:236.1.2(1) provides that when the State is required to provide services, the State is authorized to enforce, collect, and distribute the support obligation owed by any person to his children. R.M. applied for services with the Department of Social Services in 2005 and the State, through the Department, thereafter filed the petition to determine or declare paternity and for child support for J.M. The State is acting

---

[5] Louisiana Revised Statutes 9:311.1, as amended by La. Acts 2021, No. 339, effective August 1, 2021. Before the 2021 amendment, the statute provided exceptions to the suspension if the obligor had the means to pay support while incarcerated, was incarcerated for an offense against the custodial party or the child subject to the support order, or the incarceration resulted from the obligor's failure to comply with a court order to pay child support.

under the authority of La. R.S. 46:236.1.2(1) against F.C.S., Jr. to collect money owed under the order of support. This argument has no merit.

Fifth, we consider F.C.S., Jr.'s argument that the State omitted factual materials from the record. Louisiana Code of Civil Procedure article 2127 provides that the clerk of the trial court shall have the duty of preparing the record on appeal, and shall cause it to be lodged with the appellate court. Thus, the State is not responsible for the record and did not determine what materials are in the record. This argument has no merit.

Finding no merit to F.C.S., Jr's arguments, we affirm the district court judgments denying F.C.S., Jr's exception to the hearing officer's recommendations, reducing F.C.S., Jr's child support payment from $370.00 to $176.00 per month,[6] and reducing his child support arrearages from $50,297.21 to $49,909.21.

## CONCLUSION

For the foregoing reasons, the November 19, 2020, district court judgments are affirmed. Costs of this appeal are assessed against F.C.S., Jr.

**AFFIRMED.**

---

[6] We note that J.M. turned 18 on April 14, 2021. Child support terminates automatically upon the child reaching the age of majority, with certain exceptions, including an exception for a child who is a full-time student in good standing in a secondary school, or its equivalent, who has not attained the age of 19, and is dependent upon either parent. See La. R.S. 9:315.22.

7